THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENTS, v. JOSEPH G. SWALES, LORENZO J. FRENCH
AND WILLIAM E. SWALES, APPELLANTS.

*Bond conditioned for the appearance of the obligee at the next term of the court — it is
not broken by his failure to appear at any subsequent time other than the term
specified, although the prior term be adjourned to such time.*

The defendant Swales as principal, and others as sureties, gave a bond in bastardy
proceedings dated June 27, 1878, conditioned that he would appear at the next
Court of General Sessions to be held in the county of Monroe and not depart
the said court without leave. The first term after that date commenced Sep-
tember ninth; the next commenced on November eleventh and continued
until January twenty-fifth. It appeared that the September term of the court
was adjourned to the day on which the November term was appointed to be
held. It was claimed that defendant having failed to appear on January
twenty-fifth the bond was forfeited. After the commencement of the term
held in November, the defendant appeared and an appeal taken by him from
the order of the justice was heard, and after being modified was affirmed.

In this action, brought upon the bond upon the ground that the defendant having
appeared at the term of the court held in November, had departed the said
court without leave:

*Held,* that the bond only required the defendant to attend at the next term, that
is, the term held in September, and that the court then held could not by
adjourning to the day on which the November term was commenced, extend
the obligations of the parties to the bond, or make them liable for a failure of
the defendant to appear, or not to depart the said court without leave during
such adjourned term.

APPEAL from a judgment on a decision, rendered at the Monroe
circuit, upon a trial by the court without a jury.

*Thomas Raines,* for the appellants.

*H. H. Woodward,* for the respondents.

SMITH, P. J.:

The action is upon a bond given by the said Joseph G. Swales
as principal, and the other appellants as his sureties, dated 27th June,
1878, and conditioned that the said principal would appear at the
next Court of General Sessions of the Peace, to be held in the
county of Monroe, and not depart the said court without leave.
The first term of that court after the execution of the bond com-
menced 9th September, 1878. The next term thereafter com-

menced 11th November, 1878, and continued until 25th January, 1879, on which day, the said principal having failed to appear on being called, the bond was declared forfeited and an order was entered to that effect. The bond was given in bastardy proceedings on an appeal taken by said principal from an order of filiation made by two justices of the peace. After the commencement of the November term the principal had appeared in the Court of Sessions, his appeal had been heard, and the court had made an order modifying the order of the justices by reducing the amount which the principal was required to pay weekly for the support of the bastard child, and in substance affirming it as modified, and requiring him in open court to give the proper bond for the support of said child, etc., as required by statute.

The judge who tried this action found that Swales appeared at the next term of the said Court of Sessions after the execution of the bond, and departed the said court without its leave; and he ordered judgment against the defendants for the amount of the penalty of the bond. All the defendants appeal.

It appears by the record book that the September term of said Court of Sessions was adjourned to the day on which the November term commenced, and the theory of the plaintiff is understood to be, that by such adjournment the September term was carried into the November term, and was thereafter kept in life by virtue of the successive continuances of that term, until it was finally adjourned on the day when the bond in suit was forfeited. We are not prepared to assent to that position. The obligation of the defendants, by the terms of their bond, did not extend beyond the next term of the court. We think that term necessarily ended when the term next succeeding it began. We do not understand how a court, consisting of only a sufficient number of judges to hold a single term, can hold two terms at one and the same time. If such a court has power to keep each of its terms in life, by tacking it to the next succeeding term, every term might be continued indefinitely by that process, and thus the obligation of parties to a bond like the one in suit might be prolonged till the court ceased to exist. The terms of the courts of sessions are required by law to be appointed and published in advance. The parties to the bond are presumed to have had such appointments in view when they

assumed its obligations. Had the September term failed, the court would have had power by statute to act in the case at the next term with the same effect as it could have done at the September term if it had been held. (Code of Civil Pro., § 44.) The same section gives the like power when a term of court is adjourned, or the place of holding the same is changed, as prescribed in the first chapter of the Code, of which the section is a part. But the present case is not one of those thus provided for. (See sections 36 and 41 of the Code.) If the case had been within those provisions, the parties would have been deemed to have contracted with reference to them, and upon that ground the judgment could have been sustained. But in the circumstances, the effect of the judgment is to extend the obligation of the sureties to the November as well as the September term. Into that engagement they did not enter. So far as the sureties are concerned, their contract is *strictissimi juris*, and as to its extent is to be strictly construed.

In *The People* v. *Greene* (5 Hill, 647), Cowen, J., speaking of a similar bond, said: "The power of the court to continue it in force, or in other words, to renew and make it applicable to the next term, in any way, even with the assent of the obligors, may well be doubted. It is not a recognizance; but a thing in *pais*, like any other deed; and it is difficult to conceive how it can be continued without a new bond." And he cited *Keephaver* v. *Commonwealth* (2 Pa. R., 240) in which Gibson, C. J., said: "Recognizances being for appearance at the *next*, and not at *every succeeding session*, are to be discharged at the end of the term, by committing the prisoners, *delivering them on new bail*, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, *when the bail consent*, to forfeit the recognizance and respite it till the next term, and this answers the purpose perfectly well."

If we are right in holding that the September term ended when the November term commenced, the finding of the trial judge that at the next term, after the execution of the bond, Swales departed from the court without leave, is without evidence to support it, and there has been no forfeiture of the bond.

The principal is released as well as the sureties. True, he came into court at the November term and proceeded to the trial of his appeal, and after the trial was ended he failed to appear. Undoubt-

edly, as he submitted himself to the jurisdiction of the court, at that time, he was amenable to the judgment which the court pronounced, and he might have been proceeded against by attachment, or other appropriate remedy, for failing to obey the judgment, but he did not thereby become liable on his bond, the obligation of which expired with the September term.

The judgment should be reversed, and as the facts cannot be changed, a new trial would be useless, and judgment should be ordered dismissing the complaint.

HARDIN and BARKER, JJ., concurred.

So ordered.